**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5099**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ORILLION CRADDOCK,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:08-cr-00049-REP-1)

Submitted:  January 14, 2010        Decided:  February 11, 2010

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Carolyn V. Grady, Assistant Federal Public Defenders,
Richmond, Virginia, for Appellant.  Dana J. Boente, United
States Attorney, Stephen W. Miller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orillion Craddock timely appeals from his conviction and 120-month sentence following a jury trial on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (2006). On appeal, Craddock argues that the prosecutor's closing argument improperly vouched for and bolstered the testimony of two Government witnesses, warranting a new trial. Finding no reversible error, we affirm.

Because Craddock failed to object to the prosecutor's comments during closing argument, we review for plain error. United States v. Smith, 441 F.3d 254, 264 (4th Cir. 2006). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights," meaning that it "affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 732 (1993). We are not required to correct a plain error unless "a miscarriage of justice would otherwise result," meaning that "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (alteration in original) (internal quotation marks omitted).

To make out a claim of prosecutorial misconduct, the defendant must first show that the prosecutor's remarks were improper. United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). It is improper for a prosecutor to vouch for or bolster the testimony of government witnesses. United States v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1997). "Vouching occurs when a prosecutor indicates a personal belief in the credibility or honesty of a witness; bolstering is an implication by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury." Id.

Craddock argues that, by stating that Craddock's cousin "came in here and faced his cousin and told the truth," the prosecutor bolstered the cousin's testimony by implying that "the government knew that [Craddock's cousin] had some reason to fear Mr. Craddock, yet testified against him anyway." Additionally, Craddock argues that the prosecutor bolstered the testimony of a second witness, a former jail mate of Craddock's, by stating that "he knew that when he testified, that then [sic] government had him testify, he'll be labeled a snitch." We find that the prosecutor's remarks do not imply that the Government had knowledge of evidence not known to the jury and thus did not bolster either witness' testimony.

3

Craddock also argues that the prosecutor improperly vouched for both witnesses during closing arguments by stating that both "told the truth." The prosecutor did not merely ask the jury to find the witnesses' testimony credible; she clearly and unequivocally stated that they were telling the truth. Therefore, we find that the prosecutor's statements did constitute vouching.

"While vouching and bolstering are always inappropriate, [i]mproper remarks during closing argument do not always mandate retrial. The relevant question is whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." Sanchez, 118 F.3d at 198 (alteration in original) (internal quotation marks omitted). Thus, once the defendant establishes that the prosecutor made improper remarks, the defendant must prove that the prosecutor's remarks "prejudicially affected his substantial rights so as to deprive him of a fair trial." Scheetz, 293 F.3d at 185. In evaluating whether the prosecutor's remarks prejudiced the defendant, we consider the following factors:

> (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the defendant; (4) whether the comments were deliberately placed before the jury to divert

4

attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

Id. at 186.

Upon consideration of the above factors, we conclude that the prosecutor's vouching for the witnesses, though improper, did not prejudice Craddock such that he was deprived of a fair trial. The prosecutor's statements were isolated, brief, and made at the conclusion of a two-day trial. Additionally, the record does not indicate the remarks were deliberately placed before the jury to divert their attention to extraneous matters; rather, they appear to simply reflect a poor choice of phrasing during the course of a somewhat unstructured summary of the evidence. Most importantly, though, while the prosecution's vouching for the witnesses' credibility may have had an inherent tendency to mislead the jury, there was ample competent evidence to support Craddock's conviction. Craddock's cousin testified to watching Craddock saw off parts of the shotgun in their grandmother's attic. The former jail mate testified that Craddock admitted to sawing off the shotgun. Further, Craddock's grandmother testified that she saw Craddock attempting to saw off the shotgun in her dining room. Finally, the Government introduced a recording of a telephone conversation between Craddock and his grandmother, during which

5

they talked about the shotgun, and from which the jury could readily conclude that Craddock possessed the shotgun. Therefore, we find that, although the improper vouching was plain error, it did not affect Craddock's substantial rights.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED