BLD-268                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4090
_____

ORILLION CRADDOCK,
Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:15-cv-02168)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2016
Before:  FUENTES, KRAUSE, and SCIRICA, Circuit Judges

(Opinion filed: June 7, 2016)
_____

OPINION[*]
_____

PER CURIAM

         Orillion Craddock, a federal prisoner proceeding pro se, appeals from an order of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

## I.

Following a 2008 trial, a federal jury sitting in the Eastern District of Virginia found Craddock guilty of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and one count of possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d). He received a sentence of 120 months in prison. His conviction and sentence were affirmed on appeal. United States v. Craddock, 364 F. App'x 842 (4th Cir. 2010) (per curiam).

Craddock subsequently sought relief under 28 U.S.C. § 2255 without success. See United States v. Craddock, 583 F. App'x 235 (4th Cir. 2014) (per curiam) (denying a certificate of appealability). In 2015, Craddock filed this habeas petition pursuant to § 2241 in the United States District Court for the Middle District of Pennsylvania, raising claims that challenged his federal conviction. He contended, in part, that his conviction should be overturned because 18 U.S.C. § 922(g) violates the Commerce Clause. The District Court dismissed the petition for lack of jurisdiction, concluding that Craddock's claims could be raised only, if at all, in a § 2255 motion. This appeal followed.

## II.

---

constitute binding precedent.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

We agree with the District Court that Craddock's § 2241 petition was not viable. He challenged the validity of his conviction, and "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant § 2241 if a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This exception applies only in rare circumstances.

In In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted, but Craddock cannot avail himself of this exception. Here, the conduct underlying his conviction is still a crime. Nor does Craddock cite anything else that might be considered an extraordinary circumstance justifying the use of § 2241. See Cradle, 290 F.3d at 539. Instead, his claims regard routine issues that could have been raised under § 2255. As we have made clear, a

3

petitioner may not use § 2241 to evade the stringent gatekeeping requirements of § 2255.

See Cradle, 290 F.3d at 539.

III.

Accordingly, we will affirm the District Court's order.